1  DANIEL J. BRODERICK, #89424
   Federal Defender
2  LINDA HARTER, Bar #179741
   Chief Assistant Federal Defender
3  Designated Counsel for Service
   ETAN ZAITSU
4  Certified Student Attorney
   801 I Street, 3rd Floor
5  Sacramento, California 95814
   Telephone: (916) 498-5700
6  Attorney for Defendant
   GARRY MEAD
7
   ALEXIS BRIGGS
8  Attorney at Law
   506 Broadway
9  San Francisco, CA 94133
   Telephone: (415)986-5591
10 Attorney for Defendant
   TINKER BELL MEAD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Cr-2:10-00475-DAD |
| Plaintiff, | |
| v. | STIPULATION AND ORDER TO MODIFY CONDITIONS OF PROBATION AND FIX RESTITUTION PAYMENTS PURSUANT TO FED.R.CRIM.PRO 32.1(c)(2) |
| GARY MEAD, TINKER BELL MEAD, | |
| Defendants. | Judge: Hon. Dale A. Drodz |

On June 21, 2011, Ms. Tinker Bell Mead was sentenced to a 60 month term of probation. On that same date, Mr. Gary Mead was sentenced to one month imprisonment and 12 month term of supervised release. They are currently supervised by the U.S. Probation Office. As a part of her

1

sentence, Ms. Mead was also ordered to pay restitution in the amount of $12,729.00 to the Social Security Administration. Mr. Mead was ordered to pay $22,842.00 to the Social Security Administration. The court ordered that payment was to begin "immediately."

Ms. Mead is disabled and has been approved to receive benefits as a result of her disability. She is unable to work at this time and has no other income aside from Social Security benefits. Likewise, Social Security benefits are Mr. Mead's only source of income. They would ordinarily be receiving a monthly check from the Social Security Administration ("SSA"). SSA has decided, however, to recover the restitution by taking 100% of the monies that Gary and Tinker Bell Mead would otherwise be receiving until restitution has been paid in full.

The probation learned of this situation from Ms. Mead and, recognizing that this could result in extreme financial hardship and likely being unable to pay their mortgage, the probation officer attempted to reach a resolution with the SSA. The probation officer learned that unless the restitution order by the Court specifies an amount, SSA's position is that they will take 100% of any monies otherwise paid out.

The parties, having been informed of this situation, therefore stipulate and request that the Court modify the conditions of Gary and Tinker Bell Mead's probation and order repayment to the Social Security Administration, at the rate of 25% of the benefits they would otherwise receive from SSA, until the full amount of restitution has been paid. This amount was recommended by the probation officer after consideration of their resources and after consultation with

representative's from SSA. Further, this amount would be taken by SSA from the defendants' benefits checks.

Dated: January 1, 2012                     Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

/s/ Linda C. Harter
LINDA C. HARTER
Chief Assistant Federal Defender
Attorney for Defendant
GARRY MEAD

/s/ Alexis Wilson Briggs
ALEXIS WILSON BRIGGS
Attorney at Law
Attorney for Defendant
TINKER MEAD

BENJAMIN WAGNER
United States Attorney

/s/ Justin Lee
Justin Lee
U.S. Attorney
Attorney for Plaintiff

O R D E R

For the reason's stated above, the Court orders that Gary and Tinker Bell Mead's conditions of probation be modified and adds the condition that the Social Security Administration shall be paid restitution in the amount previously ordered in payments that are not to exceed 25% of the benefits that Gary and Tinker Bell Mead would otherwise receive from the Social Security Administration, until restitution is fully paid.

DATED: January 3, 2012.

dad1:crim
mead0475.stipord.modify-prob

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3